Filed and Attested by the
Office of Judicial Records
30 DEC 2025 10:25 am
S. GILLIAM

MICHAEL D. BRENNAN, **ESQUIRE**
**DiTomaso Law**
**IDENTIFICATION NO.: 203819**
**1800 JFK Boulevard, Suite 405**
**Philadelphia, PA 19103**
**(215) 426-4493**
**Attorney for Plaintiffs, ROLAND MITCHELL and ANGELA MITCHELL, husband and wife**

**This is NOT an Arbitration Case**
**Assessment of Damages Hearing is NOT Required.**

| | |
|---|---|
| **ROLAND MITCHELL and ANGELA MITCHELL, husband and wife**<br>**32327 11th Ave SW**<br>**Federal Way, Wa 98023-5555**<br><br>**v.**<br><br>**JOSE YERMAR**<br>**2211 3rd Street Apt. 4**<br>**Chester, PA 19013**<br><br>**And**<br><br>**ANGEL SANTANA VELASQUEZ**<br>**628 Green Street**<br>**Chester, PA 19013**<br><br>**And**<br><br>**DAMERE A. MEDLEY**<br>**2545 N. Hancock Street**<br>**Philadelphia, PA 19133**<br><br>**And**<br><br>**KHAFIZ KURBANOV**<br>**1370 51st Street, Apartment 5K**<br>**Brooklyn, NY 112219**<br><br>**And**<br><br>**AZIZBEK KOSIMOV**<br>**3733 Brandon Drive**<br>**Philadelphia, Pa 19154**<br><br>**And**<br><br>**LYFT, INC.**<br>**185 Berry Street, Suite 5000**<br>**San Francisco, CA 94107**<br><br>**And**<br><br>**UNITED SERVICES AUTOMOBILE ASSOCIATION D/B/A USAA**<br>**9800 Fredericksburg Road**<br>**San Antonio, TX 78288** | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>DECEMBER TERM 2025<br>No. |

**And**
**JOHN DOE (FICTITIOUS ENTITY)**

**NOTICE TO DEFEND**

**NOTICE**

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Montgomery County Bar Association
Lawyer Referral and Information Service
100 W. Airy Street
Norristown, Pa 19401
610-279-9660

**AVISO**

LE HAN DEMANDADO A USTEE EN LA CORTE. SI USTED QUIERE DEFENDERSE DE ESTAS DEMANDAS EXPUESTAS EN LAS PAGINAS SIGUIENTED, ESTED TIENE VIENTE (20) DIAS DE PLAZO AL PARTIR DE LA FECHA DE LA DEMANDA Y LA NOTIFICACION. HACE FALTA ASENTAR UNA COMPARENCIA ESCRITTA O EN PERSONA O CON UN ABOGADO Y ENTREGAR A LA CORTE EN FORMA ESCRITA SUS DEFENSAS O SUS OBJECIONES A LAS DEMANDAS EN CONTRA DE SU PERSONA. SEA AVISADO QUE SI USTED NO SE DEFIENDE, LA CORTE TOMARA MEDIDAS Y PUEDE CONTUNUAR LA DEMANDA EN CONTRA SUYA SIN PREVIO AVISO O NOTIFICASION. ADEMAS, LA CORTE PUEDE DECIDIR A FAVOR DEL DEMANDANTE Y REQUIERE QUE USTED CUMPLA CON TODAS LAS PROVISIONES DE ESTA DEMANDA. USTED PUEDE PERDERDINERO O SUS PROPIEDADES U OTROS DERECHOS IMPORTANTES PARA USTED.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENE DE PAGAR TAL SERVICO VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINO CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Association de Licendiados de Montgomery
Servicio de Referencia Legal
100 W. Airy Street
Norristown, Pa 19401
610-279-9660

**CIVIL ACTION – COMPLAINT**
**(2V – Motor Vehicle)**

1. Plaintiff, ROLAND MITCHELL, is an adult individual who resides at the above captioned address.

2. Plaintiff, ANGELA MITCHELL, is an adult individual who resides at the above captioned address.

3. At all times material hereto, Plaintiff, ROLAND MITCHELL, was a passenger in a motor vehicle, which was involved in the collision hereinafter described.

4. At all times material hereto, Plaintiff, ANGELA MITCHELL, was a passenger in a motor vehicle, which was involved in the collision hereinafter described.

5. Defendant, JOSE YERMAR, is an adult individual currently residing at the above captioned address and, at all times material hereto, did own, operate, possess and/or control a motor vehicle, which was involved in a motor vehicle collision hereinafter more fully described.

6. Defendant, ANGEL SANTANA VELASQUEZ, is an adult individual currently residing at the above captioned address and, at all times material hereto, did own, operate, possess and/or control a motor vehicle, which was involved in a motor vehicle collision hereinafter more fully described.

7. Defendant, DAMERE A. MEDLEY, is an adult individual currently residing at the above captioned address and, at all times material hereto, did own, operate, possess and/or control a motor vehicle, which was involved in a motor vehicle collision hereinafter more fully described.

8. Defendant, KHAFIZ KURBANOV, is an adult individual currently residing at the above captioned address and, at all times material hereto, did own, operate, possess and/or control a motor vehicle, which was involved in a motor vehicle collision hereinafter more fully described.

9. Defendant, AZIZBEK KOSIMOV, is an adult individual currently residing at the above captioned address and, at all times material hereto, did own, operate, possess and/or control a motor

vehicle, which was involved in a motor vehicle collision hereinafter more fully described.

10. Defendant, LYFT, INC., is a company which, upon information and belief, conducts business at the above address.

11. Defendant, UNITED SERVICES AUTOMOBILE ASSOCIATION D/B/A USAA, is a company which, upon information and belief, conducts business at the above address.

12. The accident herein caused Plaintiffs, ROLAND MITCHELL and ANGELA MITCHELL, to suffer personal injuries, the extent of which will be more fully described hereinafter.

13. The accident herein was caused by the negligence and carelessness of Defendants and was not due in any manner to any acts or failure to act on the part of Plaintiffs.

**COUNT I – NEGLIGENCE**
**PLAINTIFF, ROLAND MITCHELL v. DEFENDANT, JOSE YERMAR**

14. Plaintiffs incorporate by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

15. On or about January 5, 2024, Plaintiff, ROLAND MITCHELL, was the passenger in a motor vehicle operated by Defendant, KHAFIZ KURBANOV, which was traveling southbound on Interstate 95 in Philadelphia, Pennsylvania.

16. Defendant, JOSE YERMAR, who was also traveling southbound on Interstate 95 in Philadelphia, Pennsylvania, in a vehicle owned by Defendant, ANGEL SANTANA VELASQUEZ, failed to slow for traffic ahead of him, striking the vehicle operated by Defendant, DAMERE A. MEDLEY, which was traveling directly behind the vehicle in which Plaintiff Roland Mitchell was a passenger, causing an impact with the rear of his vehicle.

17. The accident was caused solely by the negligence, recklessness, and carelessness of the Defendant, JOSE YERMAR, as aforesaid, and consisted of, but was not necessarily limited to, the following:

(a) Operating his vehicle at an excessive rate of speed under the circumstances;
(b) Failing to keep a proper lookout;
(c) Failing to keep an assured clear distance ahead;
(d) Failing to give warning of the approach of his vehicle;
(e) Failing to have his vehicle under proper and adequate control; and
(f) Violating the various ordinances of the Statutes of the Commonwealth of PA pertaining to the proper operating of motor vehicles on public highways

18. Solely as a result of the aforesaid, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained injuries, including but not limited to his neck, shoulder and back. Plaintiff has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions. Plaintiff also makes claims hereinafter for injuries, damages or consequences of which he has no present knowledge.

19. As an additional result of the occurrence described above, Plaintiff has been obliged to expend various and diverse sums of money for, medical treatment, medicines and care, in and about an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to his great and continuing detriment and loss.

20. As a direct and reasonable result of the aforementioned accident, Plaintiff has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover under contract, or in accordance with the law.

21. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has or may in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and may in the future be hindered from attending to his daily duties, functions, avocations and occupations(s) all to Plaintiff's great damage and loss.

**WHEREFORE**, Plaintiff, ROLAND MITCHELL, hereby respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, JOSE YERMAR, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) with attorney fees, interest and costs, and such other relief as this Honorable Court may deem just and appropriate.

**COUNT II – NEGLIGENT ENTRUSTMENT**
**PLAINTIFF, ROLAND MITCHELL V. ANGEL SANTANA VELASQUEZ**

22. Plaintiffs incorporate by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

23. At all times relevant hereto, Defendant, JOSE YERMAR, was an agent, servant and/or employee of Defendant, ANGEL SANTANA VELASQUEZ, such that the actions of JOSE YERMAR are thereby imputed vicariously to Defendant, ANGEL SANTANA VELASQUEZ.

24. The aforementioned accident was caused by the negligence and carelessness of the Defendant, ANGEL SANTANA VELASQUEZ, in entrusting his vehicle to his agent, servant, workman and/or employee, Defendant, JOSE YERMAR, when he knew or reasonably should have known that said Defendant was incompetent to safely drive the vehicle and would operate the motor vehicle in a negligent and dangerous manner, and in violation of the Pennsylvania Motor Vehicle Code.

25. The negligence, and carelessness of the Defendant, ANGEL SANTANA VELASQUEZ, consisted of the following:

(a) failing to properly train his agent, servant, workman and/or employee, Defendant, JOSE YERMAR, regarding the proper operation of the motor vehicle;

(b) negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, JOSE YERMAR, when it knew, or reasonably should have known that said Defendant would fail to have the motor vehicle under such control as the situation warranted;

(c) negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, JOSE YERMAR, when it knew, or reasonably should have known that said Defendant

would operate the motor vehicle at a high and excessive rate of speed under the circumstances;

(d) negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, JOSE YERMAR, when it knew, or reasonably should have known that said Defendant would operate the motor vehicle in complete disregard of the point and position of other motor vehicles upon the highway including the Plaintiff's vehicle;

(e) negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, JOSE YERMAR, when it knew, or reasonably should have known that said Defendant would fail to keep a proper lookout;

(f) and negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, JOSE YERMAR, when it knew, or reasonably should have known that said Defendant would fail to abide by the Rules of the Road and the Motor Vehicle Code of Pennsylvania.

26. Solely as a result of the aforesaid, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained injuries, including but not limited to his neck, shoulder and back. Plaintiff has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions. Plaintiff also makes claims hereinafter for injuries, damages or consequences of which he has no present knowledge.

27. As an additional result of the occurrence described above, Plaintiff has been obliged to expend various and diverse sums of money for, medical treatment, medicines and care, in and about an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to his great and continuing detriment and loss.

28. As a direct and reasonable result of the aforementioned accident, Plaintiff has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover under contract, or in accordance with the law.

29. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has or may in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and may in the future be hindered from attending to his daily duties, functions, avocations and

occupations(s) all to Plaintiff's great damage and loss.

**WHEREFORE**, Plaintiff, ROLAND MITCHELL, hereby respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, ANGEL SANTANA VELASQUEZ, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) with attorney fees, interest and costs, and such other relief as this Honorable Court may deem just and appropriate.

**COUNT III – NEGLIGENCE**
**PLAINTIFF, ROLAND MITCHELL V. DAMERE A. MEDLEY**

30. Plaintiffs incorporate by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

31. On or about January 5, 2024, Plaintiff, ROLAND MITCHELL, was the passenger in a motor vehicle operated by Defendant, KHAFIZ KURBANOV, which was traveling southbound on Interstate 95 in Philadelphia, Pennsylvania.

32. Defendant, DAMERE A. MEDLEY, who was also traveling southbound on Interstate 95 in Philadelphia, Pennsylvania, failed to maintain a safe distance for traffic ahead of him, striking the vehicle operated by the plaintiff.

33. The accident was caused solely by the negligence, and carelessness of the Defendant, DAMERE A. MEDLEY, as aforesaid, and consisted of, but was not necessarily limited to, the following:

(a) Operating his vehicle at an excessive rate of speed under the circumstances;
(b) Failing to keep a proper lookout;
(c) Failing to keep an assured clear distance ahead;
(d) Failing to give warning of the approach of his vehicle;
(e) Failing to have his vehicle under proper and adequate control; and
(f) Violating the various ordinances of the Statutes of the Commonwealth of PA pertaining to the proper operating of motor vehicles on public highways

34. Solely as a result of the aforesaid, Plaintiff has been rendered sick, sore, lame and prostrate and

has sustained injuries, including but not limited to his neck, shoulder and back. Plaintiff has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions. Plaintiff also makes claims hereinafter for injuries, damages or consequences of which he has no present knowledge.

35. As an additional result of the occurrence described above, Plaintiff has been obliged to expend various and diverse sums of money for, medical treatment, medicines and care, in and about an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to his great and continuing detriment and loss.

36. As a direct and reasonable result of the aforementioned accident, Plaintiff has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover under contract, or in accordance with the law.

37. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has or may in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and may in the future be hindered from attending to his daily duties, functions, avocations and occupations(s) all to Plaintiff's great damage and loss.

**WHEREFORE**, Plaintiff, ROLAND MITCHELL, hereby respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, DAMERE A. MEDLEY, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) with attorney fees, interest and costs, and such other relief as this Honorable Court may deem just and appropriate.

**COUNT IV – NEGLIGENCE**
**PLAINTIFF, ROLAND MITCHELL v. DEFENDANT, KHAFIZ KURBANOV**

38. Plaintiffs incorporate by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

39. On or about January 5, 2024, Plaintiff, ROLAND MITCHELL, was the passenger in a motor

vehicle operated by Defendant, KHAFIZ KURBANOV, which was traveling southbound on Interstate 95 in Philadelphia, Pennsylvania.

40. Defendant, KHAFIZ KURBANOV, who was operating his vehicle erratically and at a high rate of speed, came to a sudden stop while traveling southbound on Interstate 95 in Philadelphia, Pennsylvania, and was struck in the rear by the vehicle operated by Defendant, DAMERE A. MEDLEY.

41. The vehicle operated by Defendant, KHAFIZ KURBANOV, was then struck a second time by the vehicle operated by DAMERE A. MEDLEY after the Medley vehicle was struck in the rear by the vehicle operated by Defendant, JOSE YERMAR, and pushed into the rear of the Kurbanov vehicle.

42. The accident was caused solely by the negligence, recklessness, and carelessness of the Defendant, KHAFIZ KURBANOV, as aforesaid, and consisted of, but was not necessarily limited to, the following:

(a) Operating his vehicle at an excessive rate of speed under the circumstances;
(b) Failing to keep a proper lookout;
(c) Failing to keep an assured clear distance ahead;
(d) Operating his vehicle at a high rate of speed while distracted by her cell phone;
(e) Failing to give warning of the approach of his vehicle;
(f) Failing to have her vehicle under proper and adequate control; and
(g) Violating the various ordinances of the Statutes of the Commonwealth of PA pertaining to the proper operating of motor vehicles on public highways

43. Solely as a result of the aforesaid, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained injuries, including but not limited to his neck, shoulder and back. Plaintiff has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions. Plaintiff also makes claims hereinafter for injuries, damages or consequences of which he has no present knowledge.

44. As an additional result of the occurrence described above, Plaintiff has been obliged to expend various and diverse sums of money for, medical treatment, medicines and care, in and about an effort to

gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to his great and continuing detriment and loss.

45. As a direct and reasonable result of the aforementioned accident, Plaintiff has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover under contract, or in accordance with the law.

46. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has or may in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and may in the future be hindered from attending to his daily duties, functions, avocations and occupations(s) all to Plaintiff's great damage and loss.

**WHEREFORE**, Plaintiff, ROLAND MITCHELL, hereby respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, KHAFIZ KURBANOV, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) with attorney fees, interest and costs, and such other relief as this Honorable Court may deem just and appropriate.

**COUNT V – NEGLIGENT ENTRUSTMENT**
**PLAINTIFF, ROLAND MITCHELL V. AZIZBEK KOSIMOV**

47. Plaintiffs incorporate by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

48. At all times relevant hereto, Defendant, KHAFIZ KURBANOV, was an agent, servant and/or employee of Defendant, AZIZBEK KOSIMOV, such that the actions of KHAFIZ KURBANOV are thereby imputed vicariously to Defendant, AZIZBEK KOSIMOV.

49. The aforementioned accident was caused by the negligence and carelessness of the Defendant, AZIZBEK KOSIMOV, in entrusting his vehicle to his agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when he knew or reasonably should have known that said

Defendant was incompetent to safely drive the vehicle and would operate the motor vehicle in a negligent and dangerous manner, and in violation of the Pennsylvania Motor Vehicle Code.

50. The negligence, and carelessness of the Defendant, AZIZBEK KOSIMOV, consisted of the following:

(a) failing to properly train his agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, regarding the proper operation of the motor vehicle;

(b) negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when it knew, or reasonably should have known that said Defendant would fail to have the motor vehicle under such control as the situation warranted;

(c) negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when it knew, or reasonably should have known that said Defendant would operate the motor vehicle at a high and excessive rate of speed under the circumstances;

(d) negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when it knew, or reasonably should have known that said Defendant would operate the motor vehicle in complete disregard of the point and position of other motor vehicles upon the highway including the Plaintiff's vehicle;

(e) negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when it knew, or reasonably should have known that said Defendant would fail to keep a proper lookout;

(f) and negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when it knew, or reasonably should have known that said Defendant would fail to abide by the Rules of the Road and the Motor Vehicle Code of Pennsylvania.

51. Solely as a result of the aforesaid, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained injuries, including but not limited to his neck, shoulder and back. Plaintiff has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions. Plaintiff also makes claims hereinafter for injuries, damages or consequences of which he has no present knowledge.

52. As an additional result of the occurrence described above, Plaintiff has been obliged to expend

various and diverse sums of money for, medical treatment, medicines and care, in and about an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to his great and continuing detriment and loss.

53. As a direct and reasonable result of the aforementioned accident, Plaintiff has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover under contract, or in accordance with the law.

54. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has or may in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and may in the future be hindered from attending to his daily duties, functions, avocations and occupations(s) all to Plaintiff's great damage and loss.

**WHEREFORE**, Plaintiff, ROLAND MITCHELL, hereby respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, AZIZBEK KOSIMOV, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) with attorney fees, interest and costs, and such other relief as this Honorable Court may deem just and appropriate.

**COUNT VI – NEGLIGENCE**
**PLAINTIFF, ROLAND MITCHELL V. LYFT, INC.**

55. Plaintiffs incorporate by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

56. Defendant, LYFT, INC., had a duty, by and through its employees, agents, servants, workmen and/or ostensible agents to operate its vehicles in a safe and non-negligent manner and avoid causing bodily injury to others.

57. In direct breach of this duty, Defendant, LYFT INC., by and through its employees, agents, servants, workmen, and/or ostensible agent, Defendant, KHAFIZ KURBANOV, negligently, carelessly

and/or recklessly operated its vehicle in numerous ways, including, but not limited to the following:

(a) Operating his vehicle at an excessive rate of speed under the circumstances;
(b) Failing to keep a proper lookout;
(c) Failing to keep an assured clear distance ahead;
(d) Failing to give warning of the approach of his vehicle;
(e) Failing to have her vehicle under proper and adequate control; and
(f) Violating the various ordinances of the Statutes of the Commonwealth of PA pertaining to the proper operating of motor vehicles on public highways

58. Solely as a result of the aforesaid, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained injuries, including but not limited to his neck, shoulder and back. Plaintiff has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions. Plaintiff also makes claims hereinafter for injuries, damages or consequences of which he has no present knowledge.

59. As an additional result of the occurrence described above, Plaintiff has been obliged to expend various and diverse sums of money for, medical treatment, medicines and care, in and about an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to his great and continuing detriment and loss.

60. As a direct and reasonable result of the aforementioned accident, Plaintiff has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover under contract, or in accordance with the law.

61. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has or may in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and may in the future be hindered from attending to his daily duties, functions, avocations and occupations(s) all to Plaintiff's great damage and loss.

**WHEREFORE**, Plaintiff, ROLAND MITCHELL, hereby respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, LYFT, INC., individually, jointly

and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) with attorney fees, interest and costs, and such other relief as this Honorable Court may deem just and appropriate.

**COUNT VII – NEGLIGENT ENTRUSTMENT**
**PLAINTIFF, ROLAND MITCHELL V. LYFT, INC.**

62. Plaintiffs incorporate by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

63. At all times relevant hereto, Defendant, KHAFIZ KURBANOV, was an agent, servant and/or employee of Defendant, LYFT, INC., such that the actions of KHAFIZ KURBANOV are thereby imputed vicariously to Defendant, LYFT, INC.

64. The aforementioned accident was caused by the negligence and carelessness of the Defendant, LYFT, INC., in entrusting his vehicle to his agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when he knew or reasonably should have known that said Defendant was incompetent to safely drive the vehicle and would operate the motor vehicle in a negligent and dangerous manner, and in violation of the Pennsylvania Motor Vehicle Code.

65. The negligence, and carelessness of the Defendant, LYFT, INC., consisted of the following:

(a) failing to properly train its agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, regarding the proper operation of the motor vehicle;

(b) negligently entrusting its motor vehicle to its agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when it knew, or reasonably should have known that said Defendant would fail to have the motor vehicle under such control as the situation warranted;

(c) negligently entrusting its motor vehicle to its agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when it knew, or reasonably should have known that said Defendant would operate the motor vehicle at a high and excessive rate of speed under the circumstances;

(d) negligently entrusting its motor vehicle to its agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when it knew, or reasonably should have known that said Defendant would operate the motor vehicle in complete disregard

of the point and position of other motor vehicles upon the highway including the Plaintiff's vehicle;

(e) negligently entrusting its motor vehicle to its agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when it knew, or reasonably should have known that said Defendant would fail to keep a proper lookout;

(f) and negligently entrusting its motor vehicle to its agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when it knew, or reasonably should have known that said Defendant would fail to abide by the Rules of the Road and the Motor Vehicle Code of Pennsylvania.

66. Solely as a result of the aforesaid, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained injuries, including but not limited to his neck, shoulder and back. Plaintiff has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions. Plaintiff also makes claims hereinafter for injuries, damages or consequences of which he has no present knowledge.

67. As an additional result of the occurrence described above, Plaintiff has been obliged to expend various and diverse sums of money for, medical treatment, medicines and care, in and about an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to his great and continuing detriment and loss.

68. As a direct and reasonable result of the aforementioned accident, Plaintiff has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover under contract, or in accordance with the law.

69. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has or may in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and may in the future be hindered from attending to his daily duties, functions, avocations and occupations(s) all to Plaintiff's great damage and loss.

**WHEREFORE**, Plaintiff, ROLAND MITCHELL, hereby respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, LYFT, INC., individually, jointly

and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) with attorney fees, interest and costs, and such other relief as this Honorable Court may deem just and appropriate.

**COUNT VIII – UNDERINSURED MOTORIST BENEFITS**
**PLAINTIFF, ROLAND MITCHELL v. DEFENDANT, UNITED SERVICES AUTOMOBILE ASSOCIATION D/B/A USAA**

70. Plaintiffs incorporate by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

71. On or about January 5, 2024, Plaintiff, ROLAND MITCHELL, was the passenger in a motor vehicle operated by Defendant, KHAFIZ KURBANOV, which was traveling southbound on Interstate 95 in Philadelphia, Pennsylvania.

72. Defendant, JOSE YERMAR, who was also traveling southbound on Interstate 95 in Philadelphia, Pennsylvania, in a vehicle owned by Defendant, ANGEL SANTANA VELASQUEZ, failed to slow for traffic ahead of him, striking the vehicle operated by Defendant, DAMERE A. MEDLEY, which was traveling directly behind the vehicle in which Plaintiff Roland Mitchell was a passenger, causing an impact with the rear of his vehicle.

73. Defendant, DAMERE A. MEDLEY, who was also traveling southbound on Interstate 95 in Philadelphia, Pennsylvania, failed to maintain a safe distance for traffic ahead of him, striking the vehicle operated by the plaintiff.

74. Defendant, KHAFIZ KURBANOV, who was operating his vehicle erratically and at a high rate of speed, came to a sudden stop while traveling southbound on Interstate 95 in Philadelphia, Pennsylvania, and was struck in the rear by the vehicle operated by Defendant, DAMERE A. MEDLEY.

75. On or about January 5, 2024, Defendants, JOSE YERMAR, ANGEL SANTANA VELASQUEZ, DAMERE A. MEDLEY, KHAFIZ KURBANOV, AND AZIZBEK KOSIMOV, were underinsured.

76. As a result of the impact, the Plaintiff, ROLAND MITCHELL, sustained severe, permanent,

painful and debilitating injuries as more fully set forth in the proceeding paragraphs.

77. As a result of the Defendants, JOSE YERMAR, ANGEL SANTANA VELASQUEZ, DAMERE A. MEDLEY, KHAFIZ KURBANOV, AND AZIZBEK KOSIMOV, the underinsureds' negligence, as described above, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained injuries, including but not limited to his neck, shoulder and back. Plaintiff has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions. Plaintiff also makes claims hereinafter for injuries, damages or consequences of which he has no present knowledge.

78. As an additional result of the occurrence described above, Plaintiff has been obliged to expend various and diverse sums of money for, medical treatment, medicines and care, in and about an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to his great and continuing detriment and loss.

79. As a direct and reasonable result of the aforementioned accident, Plaintiff has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover under contract, or in accordance with the law.

80. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has or may in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and may in the future be hindered from attending to his daily duties, functions, avocations and occupations(s) all to Plaintiff's great damage and loss.

81. As a direct and reasonable result of the aforementioned accident, Plaintiff, ROLAND MITCHELL, has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover under contract, or in accordance with the law.

82. Defendant, UNITED SERVICES AUTOMOBILE ASSOCIATION D/B/A USAA, is the

underinsured motorist carrier for the Plaintiff, ROLAND MITCHELL, providing underinsured motorist benefits to Plaintiff with respect to the accident in question.

83. Plaintiff, ROLAND MITCHELL, has a right to seek and collect uninsured motorist benefits from Defendant, UNITED SERVICES AUTOMOBILE ASSOCIATION D/B/A USAA.

**WHEREFORE**, Plaintiff, ROLAND MITCHELL, hereby respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, UNITED SERVICES AUTOMOBILE ASSOCIATION D/B/A USAA, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) with attorney fees, interest and costs, and such other relief as this Honorable Court may deem just and appropriate.

**COUNT IX– UNINSURED MOTORIST BENEFITS**
**PLAINTIFF, ROLAND MITCHELL v. DEFENDANT, UNITED SERVICES AUTOMOBILE ASSOCIATION D/B/A USAA**

84. Plaintiffs incorporate by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

85. On or about January 5, 2024, Plaintiff, ROLAND MITCHELL, was the passenger in a motor vehicle operated by Defendant, KHAFIZ KURBANOV, which was traveling southbound on Interstate 95 in Philadelphia, Pennsylvania.

86. Defendant, JOSE YERMAR, who was also traveling southbound on Interstate 95 in Philadelphia, Pennsylvania, in a vehicle owned by Defendant, ANGEL SANTANA VELASQUEZ, failed to slow for traffic ahead of him, striking the vehicle operated by Defendant, DAMERE A. MEDLEY, which was traveling directly behind the vehicle in which Plaintiff Roland Mitchell was a passenger, causing an impact with the rear of his vehicle.

87. Defendant, DAMERE A. MEDLEY, who was also traveling southbound on Interstate 95 in Philadelphia, Pennsylvania, failed to maintain a safe distance for traffic ahead of him, striking the vehicle

operated by the plaintiff.

88. Defendant, KHAFIZ KURBANOV, who was operating his vehicle erratically and at a high rate of speed, came to a sudden stop while traveling southbound on Interstate 95 in Philadelphia, Pennsylvania, and was struck in the rear by the vehicle operated by Defendant, DAMERE A. MEDLEY.

89. On or about January 5, 2024, Defendants, JOSE YERMAR, ANGEL SANTANA VELASQUEZ, DAMERE A. MEDLEY, KHAFIZ KURBANOV, AND AZIZBEK KOSIMOV, were uninsured.

90. As a result of the impact, the Plaintiff, ROLAND MITCHELL, sustained severe, permanent, painful and debilitating injuries as more fully set forth in the proceeding paragraphs.

91. As a result of the Defendants, JOSE YERMAR, ANGEL SANTANA VELASQUEZ, DAMERE A. MEDLEY, KHAFIZ KURBANOV, AND AZIZBEK KOSIMOV, the uninsureds' negligence, as described above, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained injuries, including but not limited to his neck, shoulder and back. Plaintiff has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions. Plaintiff also makes claims hereinafter for injuries, damages or consequences of which he has no present knowledge.

92. As an additional result of the occurrence described above, Plaintiff has been obliged to expend various and diverse sums of money for, medical treatment, medicines and care, in and about an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to his great and continuing detriment and loss.

93. As a direct and reasonable result of the aforementioned accident, Plaintiff has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover under contract, or in accordance with the law.

94. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has or may in the future continue to suffer great pain and agony, mental anguish and humiliation, and has

been and may in the future be hindered from attending to his daily duties, functions, avocations and occupations(s) all to Plaintiff's great damage and loss.

95. As a direct and reasonable result of the aforementioned accident, Plaintiff, ROLAND MITCHELL, has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover under contract, or in accordance with the law.

96. Defendant, UNITED SERVICES AUTOMOBILE ASSOCIATION D/B/A USAA, is the uninsured motorist carrier for the Plaintiff, ROLAND MITCHELL, providing uninsured motorist benefits to Plaintiff with respect to the accident in question.

97. Plaintiff, ROLAND MITCHELL, has a right to seek and collect uninsured motorist benefits from Defendant, UNITED SERVICES AUTOMOBILE ASSOCIATION D/B/A USAA.

**WHEREFORE**, Plaintiff, ROLAND MITCHELL, hereby respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, UNITED SERVICES AUTOMOBILE ASSOCIATION D/B/A USAA, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) with attorney fees, interest and costs, and such other relief as this Honorable Court may deem just and appropriate.

**COUNT X – NEGLIGENCE**
**PLAINTIFF, ANGELA MITCHELL v. DEFENDANT, JOSE YERMAR**

98. Plaintiffs incorporate by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

99. On or about January 5, 2024, Plaintiff, ANGELA MITCHELL, was the passenger in a motor vehicle operated by Defendant, KHAFIZ KURBANOV, which was traveling southbound on Interstate 95 in Philadelphia, Pennsylvania.

100. Defendant, JOSE YERMAR, who was also traveling southbound on Interstate 95 in

Philadelphia, Pennsylvania, in a vehicle owned by Defendant, ANGEL SANTANA VELASQUEZ, failed to slow for traffic ahead of him, striking the vehicle operated by Defendant, DAMERE A. MEDLEY, which was traveling directly behind the vehicle in which Plaintiff ANGELA Mitchell was a passenger, causing an impact with the rear of her vehicle.

101. The accident was caused solely by the negligence, recklessness, and carelessness of the Defendant, JOSE YERMAR, as aforesaid, and consisted of, but was not necessarily limited to, the following:

(a) Operating his vehicle at an excessive rate of speed under the circumstances;
(b) Failing to keep a proper lookout;
(c) Failing to keep an assured clear distance ahead;
(d) Failing to give warning of the approach of his vehicle;
(e) Failing to have his vehicle under proper and adequate control; and
(f) Violating the various ordinances of the Statutes of the Commonwealth of PA pertaining to the proper operating of motor vehicles on public highways

102. Solely as a result of the aforesaid, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained injuries, including but not limited to her neck and back. Plaintiff has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions. Plaintiff also makes claims hereinafter for injuries, damages or consequences of which she has no present knowledge.

103. As an additional result of the occurrence described above, Plaintiff has been obliged to expend various and diverse sums of money for, medical treatment, medicines and care, in and about an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

104. As a direct and reasonable result of the aforementioned accident, Plaintiff has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover under contract, or in accordance with the law.

105. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has or may in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and may in the future be hindered from attending to her daily duties, functions, avocations and occupations(s) all to Plaintiff's great damage and loss.

**WHEREFORE**, Plaintiff, ANGELA MITCHELL, hereby respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, JOSE YERMAR, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) with attorney fees, interest and costs, and such other relief as this Honorable Court may deem just and appropriate.

**COUNT XI – NEGLIGENT ENTRUSTMENT**
**PLAINTIFF, ANGELA MITCHELL V. ANGEL SANTANA VELASQUEZ**

106. Plaintiffs incorporate by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

107. At all times relevant hereto, Defendant, JOSE YERMAR, was an agent, servant and/or employee of Defendant, ANGEL SANTANA VELASQUEZ, such that the actions of JOSE YERMAR are thereby imputed vicariously to Defendant, ANGEL SANTANA VELASQUEZ.

108. The aforementioned accident was caused by the negligence and carelessness of the Defendant, ANGEL SANTANA VELASQUEZ, in entrusting his vehicle to his agent, servant, workman and/or employee, Defendant, JOSE YERMAR, when he knew or reasonably should have known that said Defendant was incompetent to safely drive the vehicle and would operate the motor vehicle in a negligent and dangerous manner, and in violation of the Pennsylvania Motor Vehicle Code.

109. The negligence, and carelessness of the Defendant, ANGEL SANTANA VELASQUEZ, consisted of the following:

(a) failing to properly train his agent, servant, workman and/or employee, Defendant, JOSE YERMAR, regarding the proper operation of the motor vehicle;

(b) negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, JOSE YERMAR, when it knew, or reasonably should have known that said Defendant would fail to have the motor vehicle under such control as the situation warranted;

(c) negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, JOSE YERMAR, when it knew, or reasonably should have known that said Defendant would operate the motor vehicle at a high and excessive rate of speed under the circumstances;

(d) negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, JOSE YERMAR, when it knew, or reasonably should have known that said Defendant would operate the motor vehicle in complete disregard of the point and position of other motor vehicles upon the highway including the Plaintiff's vehicle;

(e) negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, JOSE YERMAR, when it knew, or reasonably should have known that said Defendant would fail to keep a proper lookout;

(f) and negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, JOSE YERMAR, when it knew, or reasonably should have known that said Defendant would fail to abide by the Rules of the Road and the Motor Vehicle Code of Pennsylvania.

110. Solely as a result of the aforesaid, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained injuries, including but not limited to her neck and back. Plaintiff has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions. Plaintiff also makes claims hereinafter for injuries, damages or consequences of which she has no present knowledge.

111. As an additional result of the occurrence described above, Plaintiff has been obliged to expend various and diverse sums of money for, medical treatment, medicines and care, in and about an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

112. As a direct and reasonable result of the aforementioned accident, Plaintiff has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff

may otherwise be entitled to recover under contract, or in accordance with the law.

113. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has or may in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and may in the future be hindered from attending to her daily duties, functions, avocations and occupations(s) all to Plaintiff's great damage and loss.

**WHEREFORE**, Plaintiff, ANGELA MITCHELL, hereby respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, ANGEL SANTANA VELASQUEZ, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) with attorney fees, interest and costs, and such other relief as this Honorable Court may deem just and appropriate.

**COUNT XII – NEGLIGENCE**
**PLAINTIFF, ANGELA MITCHELL V. DAMERE A. MEDLEY**

114. Plaintiffs incorporate by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

115. On or about January 5, 2024, Plaintiff, ANGELA MITCHELL, was the passenger in a motor vehicle operated by Defendant, KHAFIZ KURBANOV, which was traveling southbound on Interstate 95 in Philadelphia, Pennsylvania.

116. Defendant, DAMERE A. MEDLEY, who was also traveling southbound on Interstate 95 in Philadelphia, Pennsylvania, failed to maintain a safe distance for traffic ahead of him, striking the vehicle operated by the plaintiff.

117. The accident was caused solely by the negligence, and carelessness of the Defendant, DAMERE A. MEDLEY, as aforesaid, and consisted of, but was not necessarily limited to, the following:

(a) Operating his vehicle at an excessive rate of speed under the circumstances;
(b) Failing to keep a proper lookout;

(c) Failing to keep an assured clear distance ahead;
(d) Failing to give warning of the approach of his vehicle;
(e) Failing to have his vehicle under proper and adequate control; and
(f) Violating the various ordinances of the Statutes of the Commonwealth of PA pertaining to the proper operating of motor vehicles on public highways

118. Solely as a result of the aforesaid, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained injuries, including but not limited to her neck and back. Plaintiff has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions. Plaintiff also makes claims hereinafter for injuries, damages or consequences of which she has no present knowledge.

119. As an additional result of the occurrence described above, Plaintiff has been obliged to expend various and diverse sums of money for, medical treatment, medicines and care, in and about an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

120. As a direct and reasonable result of the aforementioned accident, Plaintiff has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover under contract, or in accordance with the law.

121. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has or may in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and may in the future be hindered from attending to her daily duties, functions, avocations and occupations(s) all to Plaintiff's great damage and loss.

**WHEREFORE**, Plaintiff, ANGELA MITCHELL, hereby respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, DAMERE A. MEDLEY, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) with attorney fees, interest and costs, and such other relief as this Honorable Court may deem just and appropriate.

**COUNT XIII – NEGLIGENCE**
**PLAINTIFF, ANGELA MITCHELL v. DEFENDANT, KHAFIZ KURBANOV**

122. Plaintiffs incorporate by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

123. On or about January 5, 2024, Plaintiff, ANGELA MITCHELL, was the passenger in a motor vehicle operated by Defendant, KHAFIZ KURBANOV, which was traveling southbound on Interstate 95 in Philadelphia, Pennsylvania.

124. Defendant, KHAFIZ KURBANOV, who was operating his vehicle erratically and at a high rate of speed, came to a sudden stop while traveling southbound on Interstate 95 in Philadelphia, Pennsylvania, and was struck in the rear by the vehicle operated by Defendant, DAMERE A. MEDLEY.

125. The vehicle operated by Defendant, KHAFIZ KURBANOV, was then struck a second time by the vehicle operated by DAMERE A. MEDLEY after the Medley vehicle was struck in the rear by the vehicle operated by Defendant, JOSE YERMAR, and pushed into the rear of the Kurbanov vehicle.

126. The accident was caused solely by the negligence, recklessness, and carelessness of the Defendant, KHAFIZ KURBANOV, as aforesaid, and consisted of, but was not necessarily limited to, the following:

(a) Operating his vehicle at an excessive rate of speed under the circumstances;
(b) Failing to keep a proper lookout;
(c) Failing to keep an assured clear distance ahead;
(d) Failing to give warning of the approach of his vehicle;
(e) Failing to have her vehicle under proper and adequate control; and
(f) Violating the various ordinances of the Statutes of the Commonwealth of PA pertaining to the proper operating of motor vehicles on public highways

127. Solely as a result of the aforesaid, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained injuries, including but not limited to her neck and back. Plaintiff has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions. Plaintiff also makes

claims hereinafter for injuries, damages or consequences of which she has no present knowledge.

128. As an additional result of the occurrence described above, Plaintiff has been obliged to expend various and diverse sums of money for, medical treatment, medicines and care, in and about an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

129. As a direct and reasonable result of the aforementioned accident, Plaintiff has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover under contract, or in accordance with the law.

130. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has or may in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and may in the future be hindered from attending to her daily duties, functions, avocations and occupations(s) all to Plaintiff's great damage and loss.

**WHEREFORE**, Plaintiff, ANGELA MITCHELL, hereby respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, KHAFIZ KURBANOV, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) with attorney fees, interest and costs, and such other relief as this Honorable Court may deem just and appropriate.

**COUNT XIV – NEGLIGENT ENTRUSTMENT**
**PLAINTIFF, ANGELA MITCHELL V. AZIZBEK KOSIMOV**

131. Plaintiffs incorporate by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

132. At all times relevant hereto, Defendant, KHAFIZ KURBANOV, was an agent, servant and/or employee of Defendant, AZIZBEK KOSIMOV, such that the actions of KHAFIZ KURBANOV are thereby imputed vicariously to Defendant, AZIZBEK KOSIMOV.

133. The aforementioned accident was caused by the negligence and carelessness of the Defendant, AZIZBEK KOSIMOV, in entrusting his vehicle to his agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when he knew or reasonably should have known that said Defendant was incompetent to safely drive the vehicle and would operate the motor vehicle in a negligent and dangerous manner, and in violation of the Pennsylvania Motor Vehicle Code.

134. The negligence, and carelessness of the Defendant, AZIZBEK KOSIMOV, consisted of the following:

(a) failing to properly train his agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, regarding the proper operation of the motor vehicle;

(b) negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when it knew, or reasonably should have known that said Defendant would fail to have the motor vehicle under such control as the situation warranted;

(c) negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when it knew, or reasonably should have known that said Defendant would operate the motor vehicle at a high and excessive rate of speed under the circumstances;

(d) negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when it knew, or reasonably should have known that said Defendant would operate the motor vehicle in complete disregard of the point and position of other motor vehicles upon the highway including the Plaintiff's vehicle;

(e) negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when it knew, or reasonably should have known that said Defendant would fail to keep a proper lookout;

(f) and negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when it knew, or reasonably should have known that said Defendant would fail to abide by the Rules of the Road and the Motor Vehicle Code of Pennsylvania.

135. Solely as a result of the aforesaid, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained injuries, including but not limited to her neck and back. Plaintiff has endured and continues

to endure great pain and suffering and/or aggravation of pre-existing conditions. Plaintiff also makes claims hereinafter for injuries, damages or consequences of which she has no present knowledge.

136. As an additional result of the occurrence described above, Plaintiff has been obliged to expend various and diverse sums of money for, medical treatment, medicines and care, in and about an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

137. As a direct and reasonable result of the aforementioned accident, Plaintiff has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover under contract, or in accordance with the law.

138. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has or may in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and may in the future be hindered from attending to her daily duties, functions, avocations and occupations(s) all to Plaintiff's great damage and loss.

**WHEREFORE**, Plaintiff, ANGELA MITCHELL, hereby respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, AZIZBEK KOSIMOV, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) with attorney fees, interest and costs, and such other relief as this Honorable Court may deem just and appropriate.

**COUNT XV – NEGLIGENCE**
**PLAINTIFF, ANGELA MITCHELL V. LYFT, INC.**

139. Plaintiffs incorporate by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

140. Defendant, LYFT, INC., had a duty, by and through its employees, agents, servants, workmen and/or ostensible agents to operate its vehicles in a safe and non-negligent manner and avoid causing

bodily injury to others.

141. In direct breach of this duty, Defendant, LYFT INC., by and through its employees, agents, servants, workmen, and/or ostensible agent, Defendant, KHAFIZ KURBANOV, negligently, carelessly and/or recklessly operated its vehicle in numerous ways, including, but not limited to the following:

(a) Operating his vehicle at an excessive rate of speed under the circumstances;
(b) Failing to keep a proper lookout;
(c) Failing to keep an assured clear distance ahead;
(d) Failing to give warning of the approach of his vehicle;
(e) Failing to have her vehicle under proper and adequate control; and
(f) Violating the various ordinances of the Statutes of the Commonwealth of PA pertaining to the proper operating of motor vehicles on public highways

142. Solely as a result of the aforesaid, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained injuries, including but not limited to her neck and back. Plaintiff has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions. Plaintiff also makes claims hereinafter for injuries, damages or consequences of which she has no present knowledge.

143. As an additional result of the occurrence described above, Plaintiff has been obliged to expend various and diverse sums of money for, medical treatment, medicines and care, in and about an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

144. As a direct and reasonable result of the aforementioned accident, Plaintiff has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover under contract, or in accordance with the law.

145. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has or may in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and may in the future be hindered from attending to her daily duties, functions, avocations and

occupations(s) all to Plaintiff's great damage and loss.

**WHEREFORE**, Plaintiff, ANGELA MITCHELL, hereby respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, LYFT, INC., individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) with attorney fees, interest and costs, and such other relief as this Honorable Court may deem just and appropriate.

**COUNT XVI – NEGLIGENT ENTRUSTMENT**
**PLAINTIFF, ANGELA MITCHELL V. LYFT, INC.**

146. Plaintiffs incorporate by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

147. At all times relevant hereto, Defendant, KHAFIZ KURBANOV, was an agent, servant and/or employee of Defendant, LYFT, INC., such that the actions of KHAFIZ KURBANOV are thereby imputed vicariously to Defendant, LYFT, INC.

148. The aforementioned accident was caused by the negligence and carelessness of the Defendant, LYFT, INC., in entrusting his vehicle to his agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when he knew or reasonably should have known that said Defendant was incompetent to safely drive the vehicle and would operate the motor vehicle in a negligent and dangerous manner, and in violation of the Pennsylvania Motor Vehicle Code.

149. The negligence, and carelessness of the Defendant, LYFT, INC., consisted of the following:

(a) failing to properly train his agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, regarding the proper operation of the motor vehicle;

(b) negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when it knew, or reasonably should have known that said Defendant would fail to have the motor vehicle under such control as the situation warranted;

(c) negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when it knew, or reasonably should have known that said

Defendant would operate the motor vehicle at a high and excessive rate of speed under the circumstances;

(d) negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when it knew, or reasonably should have known that said Defendant would operate the motor vehicle in complete disregard of the point and position of other motor vehicles upon the highway including the Plaintiff's vehicle;

(e) negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when it knew, or reasonably should have known that said Defendant would fail to keep a proper lookout;

(f) and negligently entrusting his motor vehicle to his agent, servant, workman and/or employee, Defendant, KHAFIZ KURBANOV, when it knew, or reasonably should have known that said Defendant would fail to abide by the Rules of the Road and the Motor Vehicle Code of Pennsylvania.

150. Solely as a result of the aforesaid, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained injuries, including but not limited to her neck and back. Plaintiff has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions. Plaintiff also makes claims hereinafter for injuries, damages or consequences of which she has no present knowledge.

151. As an additional result of the occurrence described above, Plaintiff has been obliged to expend various and diverse sums of money for, medical treatment, medicines and care, in and about an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

152. As a direct and reasonable result of the aforementioned accident, Plaintiff has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover under contract, or in accordance with the law.

153. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has or may in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and may in the future be hindered from attending to her daily duties, functions, avocations and

occupations(s) all to Plaintiff's great damage and loss.

**WHEREFORE**, Plaintiff, ANGELA MITCHELL, hereby respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, LYFT, INC., individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) with attorney fees, interest and costs, and such other relief as this Honorable Court may deem just and appropriate.

**COUNT XVII – UNDERINSURED MOTORIST BENEFITS**
**PLAINTIFF, ANGELA MITCHELL v. DEFENDANT, UNITED SERVICES AUTOMOBILE ASSOCIATION D/B/A USAA**

154. Plaintiffs incorporate by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

155. On or about January 5, 2024, Plaintiff, ANGELA MITCHELL, was the passenger in a motor vehicle operated by Defendant, KHAFIZ KURBANOV, which was traveling southbound on Interstate 95 in Philadelphia, Pennsylvania.

156. Defendant, JOSE YERMAR, who was also traveling southbound on Interstate 95 in Philadelphia, Pennsylvania, in a vehicle owned by Defendant, ANGEL SANTANA VELASQUEZ, failed to slow for traffic ahead of him, striking the vehicle operated by Defendant, DAMERE A. MEDLEY, which was traveling directly behind the vehicle in which Plaintiff ANGELA Mitchell was a passenger, causing an impact with the rear of her vehicle.

157. Defendant, DAMERE A. MEDLEY, who was also traveling southbound on Interstate 95 in Philadelphia, Pennsylvania, failed to maintain a safe distance for traffic ahead of him, striking the vehicle operated by the plaintiff.

158. Defendant, KHAFIZ KURBANOV, who was operating his vehicle erratically and at a high rate of speed, came to a sudden stop while traveling southbound on Interstate 95 in Philadelphia, Pennsylvania, and was struck in the rear by the vehicle operated by Defendant, DAMERE A. MEDLEY.

159. On or about January 5, 2024, Defendants, JOSE YERMAR, ANGEL SANTANA VELASQUEZ, DAMERE A. MEDLEY, KHAFIZ KURBANOV, AND AZIZBEK KOSIMOV, were underinsured.

160. As a result of the impact, the Plaintiff, ANGELA MITCHELL, sustained severe, permanent, painful and debilitating injuries as more fully set forth in the proceeding paragraphs.

161. As a result of the Defendants, JOSE YERMAR, ANGEL SANTANA VELASQUEZ, DAMERE A. MEDLEY, KHAFIZ KURBANOV, AND AZIZBEK KOSIMOV, the underinsureds' negligence, as described above, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained injuries, including but not limited to her neck and back. Plaintiff has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions. Plaintiff also makes claims hereinafter for injuries, damages or consequences of which she has no present knowledge.

162. As an additional result of the occurrence described above, Plaintiff has been obliged to expend various and diverse sums of money for, medical treatment, medicines and care, in and about an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

163. As a direct and reasonable result of the aforementioned accident, Plaintiff has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover under contract, or in accordance with the law.

164. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has or may in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and may in the future be hindered from attending to her daily duties, functions, avocations and occupations(s) all to Plaintiff's great damage and loss.

165. As a direct and reasonable result of the aforementioned accident, Plaintiff, ROLAND MITCHELL, has or may in the future incur other financial expenses and/or losses, which do or may

exceed amounts, which Plaintiff may otherwise be entitled to recover under contract, or in accordance with the law.

166. Defendant, UNITED SERVICES AUTOMOBILE ASSOCIATION D/B/A USAA, is the underinsured motorist carrier for the Plaintiff, ANGELA MITCHELL, providing underinsured motorist benefits to Plaintiff with respect to the accident in question.

167. Plaintiff, ANGELA MITCHELL, has a right to seek and collect uninsured motorist benefits from Defendant, UNITED SERVICES AUTOMOBILE ASSOCIATION D/B/A USAA.

**WHEREFORE**, Plaintiff, ANGELA MITCHELL, hereby respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, UNITED SERVICES AUTOMOBILE ASSOCIATION D/B/A USAA, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) with attorney fees, interest and costs, and such other relief as this Honorable Court may deem just and appropriate.

**COUNT XVIII– UNINSURED MOTORIST BENEFITS**
**PLAINTIFF, ANGELA MITCHELL v. DEFENDANT, UNITED SERVICES AUTOMOBILE ASSOCIATION D/B/A USAA**

168. Plaintiffs incorporate by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

169. On or about January 5, 2024, Plaintiff, ANGELA MITCHELL, was the passenger in a motor vehicle operated by Defendant, KHAFIZ KURBANOV, which was traveling southbound on Interstate 95 in Philadelphia, Pennsylvania.

170. Defendant, JOSE YERMAR, who was also traveling southbound on Interstate 95 in Philadelphia, Pennsylvania, in a vehicle owned by Defendant, ANGEL SANTANA VELASQUEZ, failed to slow for traffic ahead of him, striking the vehicle operated by Defendant, DAMERE A. MEDLEY, which was traveling directly behind the vehicle in which Plaintiff ANGELA Mitchell was a

passenger, causing an impact with the rear of her vehicle.

171. Defendant, DAMERE A. MEDLEY, who was also traveling southbound on Interstate 95 in Philadelphia, Pennsylvania, failed to maintain a safe distance for traffic ahead of him, striking the vehicle operated by the plaintiff.

172. Defendant, KHAFIZ KURBANOV, who was operating his vehicle erratically and at a high rate of speed, came to a sudden stop while traveling southbound on Interstate 95 in Philadelphia, Pennsylvania, and was struck in the rear by the vehicle operated by Defendant, DAMERE A. MEDLEY.

173. On or about January 5, 2024, Defendants, JOSE YERMAR, ANGEL SANTANA VELASQUEZ, DAMERE A. MEDLEY, KHAFIZ KURBANOV, AND AZIZBEK KOSIMOV, were uninsured.

174. As a result of the impact, the Plaintiff, ANGELA MITCHELL, sustained severe, permanent, painful and debilitating injuries as more fully set forth in the proceeding paragraphs.

175. As a result of the Defendants, JOSE YERMAR, ANGEL SANTANA VELASQUEZ, DAMERE A. MEDLEY, KHAFIZ KURBANOV, AND AZIZBEK KOSIMOV, the uninsureds' negligence, as described above, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained injuries, including but not limited to her neck and back. Plaintiff has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions. Plaintiff also makes claims hereinafter for injuries, damages or consequences of which she has no present knowledge.

176. As an additional result of the occurrence described above, Plaintiff has been obliged to expend various and diverse sums of money for, medical treatment, medicines and care, in and about an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

177. As a direct and reasonable result of the aforementioned accident, Plaintiff has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff

may otherwise be entitled to recover under contract, or in accordance with the law.

178. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has or may in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and may in the future be hindered from attending to her daily duties, functions, avocations and occupations(s) all to Plaintiff's great damage and loss.

179. As a direct and reasonable result of the aforementioned accident, Plaintiff, ROLAND MITCHELL, has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover under contract, or in accordance with the law.

180. Defendant, UNITED SERVICES AUTOMOBILE ASSOCIATION D/B/A USAA, is the uninsured motorist carrier for the Plaintiff, ANGELA MITCHELL, providing uninsured motorist benefits to Plaintiff with respect to the accident in question.

181. Plaintiff, ANGELA MITCHELL, has a right to seek and collect uninsured motorist benefits from Defendant, UNITED SERVICES AUTOMOBILE ASSOCIATION D/B/A USAA.

**WHEREFORE**, Plaintiff, ANGELA MITCHELL, hereby respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, UNITED SERVICES AUTOMOBILE ASSOCIATION D/B/A USAA, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) with attorney fees, interest and costs, and such other relief as this Honorable Court may deem just and appropriate.

**COUNT XXIX – NEGLIGENCE**
**PLAINTIFFS, ANGELA MITCHELL and ROLAND MITCHELL v. JOHN DOE (FICTITIOUS ENTITY)**

182. Plaintiffs incorporate by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

183. On or about January 5, 2024, Plaintiffs, ROLAND MITCHELL and ANGELA MITCHELL, were the passengers in a motor vehicle operated by Defendant, JOHN DOE (FICTITIOUS ENTITY), which was traveling southbound on Interstate 95 in Philadelphia, Pennsylvania.

184. Defendant, JOHN DOE (FICTITIOUS ENTITY), who was also traveling southbound on Interstate 95 in Philadelphia, Pennsylvania, in a vehicle owned by Defendant, JOHN DOE (FICTITIOUS ENTITY), failed to slow for traffic ahead of him, striking the vehicle operated by Defendant, JOHN DOE (FICTITIOUS ENTITY), which was traveling directly behind the vehicle in which Plaintiffs were passengers, causing an impact with the rear of her vehicle.

185. Defendant, JOHN DOE (FICTITIOUS ENTITY), who was also traveling southbound on Interstate 95 in Philadelphia, Pennsylvania, failed to maintain a safe distance for traffic ahead of him, striking the vehicle operated by the plaintiff.

186. Defendant, JOHN DOE (FICTITIOUS ENTITY), who was operating his vehicle erratically and at a high rate of speed, came to a sudden stop while traveling southbound on Interstate 95 in Philadelphia, Pennsylvania, and was struck in the rear by the vehicle operated by Defendant, DAMERE A. MEDLEY.

187. The plaintiffs, ROLAND MITCHELL and ANGELA MITCHELL, have been unable to confirm the identity of the entity which operated the subject motor vehicles after having conducted a reasonable search with due diligence.

188. The accident was caused solely by the negligence, and carelessness of the Defendant, JOHN DOE (FICTITIOUS ENTITY), as aforesaid, and consisted of, but was not necessarily limited to, the following:

(a) Operating his vehicle at an excessive rate of speed under the circumstances;
(b) Failing to keep a proper lookout;
(c) Failing to keep an assured clear distance ahead;

(d) Failing to give warning of the approach of his vehicle;
(e) Failing to have his vehicle under proper and adequate control; and
(f) Violating the various ordinances of the Statutes of the Commonwealth of PA pertaining to the proper operating of motor vehicles on public highways

189. Solely as a result of the aforesaid, Plaintiff, Roland Mitchell, has been rendered sick, sore, lame and prostrate and has sustained injuries, including but not limited to his neck, shoulder and back. Plaintiff, Roland Mitchell, has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions. Plaintiff, Roland Mitchell, also makes claims hereinafter for injuries, damages or consequences of which he has no present knowledge.

190. As an additional result of the occurrence described above, Plaintiff, Roland Mitchell, has been obliged to expend various and diverse sums of money for, medical treatment, medicines and care, in and about an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to his great and continuing detriment and loss.

191. As a direct and reasonable result of the aforementioned accident, Plaintiff, Roland Mitchell, has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff, Roland Mitchell, may otherwise be entitled to recover under contract, or in accordance with the law.

192. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff, Roland Mitchell, has or may in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and may in the future be hindered from attending to his daily duties, functions, avocations and occupations(s) all to Plaintiff, Roland Mitchell's great damage and loss.

193. Solely as a result of the aforesaid, Plaintiff, Angela Mitchell, has been rendered sick, sore, lame and prostrate and has sustained injuries, including but not limited to her neck and back. Plaintiff, Angela

Mitchell, has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions. Plaintiff, Angela Mitchell, also makes claims hereinafter for injuries, damages or consequences of which she has no present knowledge.

194. As an additional result of the occurrence described above, Plaintiff, Angela Mitchell, has been obliged to expend various and diverse sums of money for, medical treatment, medicines and care, in and about an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

195. As a direct and reasonable result of the aforementioned accident, Plaintiff, Angela Mitchell, has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff, Angela Mitchell, may otherwise be entitled to recover under contract, or in accordance with the law.

196. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff, Angela Mitchell, has or may in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and may in the future be hindered from attending to her daily duties, functions, avocations and occupations(s) all to Plaintiff, Angela Mitchell's, great damage and loss.

**WHEREFORE**, Plaintiffs, ROLAND MITCHELL and ANGELA MITCHELL, demand judgment in their favor and against the Defendants jointly and/or severally, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), together with such other and further relief as this Court deems just and appropriate under the circumstances including interest, costs and delay damages.

**COUNT XX – LOSS OF CONSORTIUM**
**PLAINTIFFS, ANGELA MITCHELL and ROLAND MITCHELL v. DEFENDANTS**

197. Plaintiffs incorporate by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

198. The Plaintiff, ANGELA MITCHELL, is the wife of ROLAND MITCHELL and as such is responsible for his debt and is entitled to his services in society. By reason of the negligence of the Defendants as aforesaid, Plaintiff, ANGELA MITCHELL, has in the past and will in the future be required to expend large sums of money for medical, hospital and nursing care for the alleviation of the suffering of the Plaintiff, ROLAND MITCHELL, and has in the past and will in the future be deprived of the services of her husband.

199. As a direct and proximate result of the aforesaid, Plaintiff, ANGELA MITCHELL, wife of Plaintiff, ROLAND MITCHELL, has been deprived of the society, services, advice, comfort, support, companionship, and consortium of her husband.

200. The Plaintiff, ROLAND MITCHELL, is the husband of ANGELA MITCHELL and as such is responsible for his debt and is entitled to his services in society. By reason of the negligence of the Defendants as aforesaid, Plaintiff, ROLAND MITCHELL, has in the past and will in the future be required to expend large sums of money for medical, hospital and nursing care for the alleviation of the suffering of the Plaintiff, ANGELA MITCHELL, and has in the past and will in the future be deprived of the services of her husband.

201. As a direct and proximate result of the aforesaid, Plaintiff, ROLAND MITCHELL, husband of Plaintiff, ANGELA MITCHELL, has been deprived of the society, services, advice, comfort, support, companionship, and consortium of her husband.

**WHEREFORE**, Plaintiffs, ROLAND MITCHELL and ANGELA MITCHELL, demand judgment in their favor and against the Defendants jointly and/or severally, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), together with such other and further relief as this Court deems just and appropriate under the circumstances including interest, costs and delay damages.

Dated: 12/23/25

By: /s/Michael D. Brennan
Michael D. Brennan, Esquire
Attorney for Plaintiff

**VERIFICATION**

I, Roland Mitchell, state that the facts set forth in the attached pleading are true and correct to the best of my knowledge, information and belief. The language of the pleading is that of counsel and not of affiant. I have read the pleading and to the extent that the allegations therein are based upon information I have given counsel, they are true and correct to the best of my knowledge information, and belief. To the extent that the contents of the pleading are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsifications to authorities.

**VERIFICATION**

I, Angela Mitchell, state that the facts set forth in the attached pleading are true and correct to the best of my knowledge, information and belief. The language of the pleading is that of counsel and not of affiant. I have read the pleading and to the extent that the allegations therein are based upon information I have given counsel, they are true and correct to the best of my knowledge information, and belief. To the extent that the contents of the pleading are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsifications to authorities.

Angela Mitchell