**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROLAND MITCHELL<br>    And<br>ANGELA MITCHELL | :<br>:<br>:<br>: Civil Action No. 2:26 CV-00174<br>: |
| Plaintiffs, | :<br>: |
| v. | :<br>: |
| JOSE YERMAR, DAMERE A. MEDLEY,<br>ANGEL SANTANA VELASQUEZ, KHAFIZ<br>KURBANOV, AZIZBEK KOSIMOV, LYFT,<br>INC., and UNITED SERVICES ASSOCIATION | :<br>:<br>:<br>:<br>: |
| Defendants. | :<br>: |

**DEFENDANT LYFT, INC.'S ANSWER WITH NEW MATTER TO
PLAINTIFF'S COMPLAINT**

Defendant Lyft, Inc ("Lyft"), by and through its attorneys, Dickie, McCamey & Chilcote, P.C., hereby files the instant Answer with New Matter to Plaintiff's Complaint, and in support thereof, avers as follows:

1.     Denied.  Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.  The same are, therefore, denied.

2.     Denied. Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.  The same are, therefore, denied.

3.     Admitted upon information and belief.

4.     Admitted upon information and belief.

5.     Denied. Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.  The same are, therefore, denied.

6.      Denied. Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.  The same are, therefore, denied.

7.      Denied. Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.  The same are, therefore, denied.

8.      Denied. Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.  The same are, therefore, denied.

9.      Denied. Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.  The same are, therefore, denied.

10.     Denied as stated.  Lyft is a corporation with a principal place of business located at 185 Berry Street, Suite 400, San Francisco, CA.

11.     Denied. Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.  The same are, therefore, denied.

12.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

13.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

<strong><u>COUNT I – NEGLIGENCE</u><br><u>PLAINTIFF, ROLAND MITCHELL v. DEFENDANT, JOSE YERMAR</u></strong>

14.     Lyft incorporates by reference the above paragraphs as though fully set forth at length herein.

15.     Admitted based upon information and belief.

16.    The averments of the corresponding paragraph are directed to another party defendant and do not require a response.  To the extent a response is necessary, Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

17.    The averments of the corresponding paragraph, inclusive of its subparts, are directed to another party defendant and do not require a response.  To the extent a response is necessary, Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

18.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

19.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

20.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

21.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

WHEREFORE, Defendant, Lyft, Inc. demands judgment in its favor, and against all parties, together with costs, fees, and any other such relief this Court may deem just.

## COUNT II – NEGLIGENT ENTRUSTMENT
## PLAINTIFF, ROLAND MITCHELL v. DEFENDANT, ANGEL VELASQUEZ

22. Lyft incorporates by reference the above paragraphs as though fully set forth at length herein.

23. The averments of the corresponding paragraph are directed to another party defendant and do not require a response. To the extent a response is necessary, Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

24. The averments of the corresponding paragraph are directed to another party defendant and do not require a response. To the extent a response is necessary, Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

25. The averments of the corresponding paragraph, inclusive of its subparts, are directed to another party defendant and do not require a response. To the extent a response is necessary, Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

26. Denied. The averments of this paragraph constitute conclusions of law to which no response is required. However, to the extent a response may be deemed necessary, the same are denied.

27. Denied. The averments of this paragraph constitute conclusions of law to which no response is required. However, to the extent a response may be deemed necessary, the same are denied.

28.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

29.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

WHEREFORE, Defendant, Lyft, Inc. demands judgment in its favor, and against all parties, together with costs, fees, and any other such relief this Court may deem just.

**COUNT III – NEGLIGENCE**
**PLAINTIFF, ROLAND MITCHELL v. DEFENDANT, DAMERE A. MEDLEY**

30.     Lyft incorporates by reference the above paragraphs as though fully set forth at length herein.

31.     Admitted based upon information and belief.

32.     The averments of the corresponding paragraph are directed to another party defendant and do not require a response.  To the extent a response is necessary, Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

33.     The averments of the corresponding paragraph, inclusive of its subparts, are directed to another party defendant and do not require a response.  To the extent a response is necessary, Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

34.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

35.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

36.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

37.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

WHEREFORE, Defendant, Lyft, Inc. demands judgment in its favor, and against all parties, together with costs, fees, and any other such relief this Court may deem just.

## <u>COUNT IV – NEGLIGENCE</u>
## <u>PLAINTIFF, ROLAND MITCHELL v. DEFENDANT, KHAFIZ KURBANOV</u>

38.     Lyft incorporates by reference the above paragraphs as though fully set forth at length herein.

39.     Admitted upon information and belief.

40.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

41.     Denied. Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

42.     Denied. The averments of the corresponding paragraph, inclusive of its subparts, are directed to another party defendant and constitute conclusions of law to which no response is required. However, to the extent a response may be deemed necessary, the same are denied.

43. Denied. The averments of this paragraph constitute conclusions of law to which no response is required. However, to the extent a response may be deemed necessary, the same are denied.

44. Denied. The averments of this paragraph constitute conclusions of law to which no response is required. However, to the extent a response may be deemed necessary, the same are denied.

45. Denied. The averments of this paragraph constitute conclusions of law to which no response is required. However, to the extent a response may be deemed necessary, the same are denied.

46. Denied. The averments of this paragraph constitute conclusions of law to which no response is required. However, to the extent a response may be deemed necessary, the same are denied.

WHEREFORE, Defendant, Lyft, Inc. demands judgment in its favor, and against all parties, together with costs, fees, and any other such relief this Court may deem just.

## COUNT V – NEGLIGENCE
## PLAINTIFF, ROLAND MITCHELL v. DEFENDANT, KHAFIZ KURBANOV

47. Lyft incorporates by reference the above paragraphs as though fully set forth at length herein.

48. The averments of the corresponding paragraph are directed to another party defendant and do not require a response. To the extent a response is necessary, Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

49. Denied. The averments of this paragraph constitute conclusions of law to which no response is required. However, to the extent a response may be deemed necessary, the same are denied.

50. Denied. The averments of this paragraph, inclusive of its subparts, constitute conclusions of law to which no response is required. However, to the extent a response may be deemed necessary, the same are denied.

51. Denied. The averments of this paragraph constitute conclusions of law to which no response is required. However, to the extent a response may be deemed necessary, the same are denied.

52. Denied. The averments of this paragraph constitute conclusions of law to which no response is required. However, to the extent a response may be deemed necessary, the same are denied.

53. Denied. The averments of this paragraph constitute conclusions of law to which no response is required. However, to the extent a response may be deemed necessary, the same are denied.

54. Denied. The averments of this paragraph constitute conclusions of law to which no response is required. However, to the extent a response may be deemed necessary, the same are denied.

WHEREFORE, Defendant, Lyft, Inc. demands judgment in its favor, and against all parties, together with costs, fees, and any other such relief this Court may deem just.

## COUNT VI – NEGLIGENCE
## PLAINTIFF, ROLAND MITCHELL v. LYFT, INC.

55.     Lyft incorporates by reference the above paragraphs as though fully set forth at length herein.

56.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.  Any and all allegations of agency and/or employment are specifically denied, with strict proof demanded at time of trial. By way of further response, Lyft did not own, rent, lease, control, maintain, manage, repair, or entrust any vehicles involved in the incident in issue.

57.     Denied. The averments of this paragraph, inclusive of its subparts, constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.  It is specifically denied that Lyft hired, controlled, or employed Defendant Kurbanov.  Any and all allegations of agency and/or employment are specifically denied, with strict proof demanded at time of trial. By way of further response, Lyft did not own, rent, lease, control, maintain, manage, repair, or entrust any vehicles involved in the incident in issue.

58.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

59.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

60.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

61.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

WHEREFORE, Defendant, Lyft, Inc. demands judgment in its favor, and against all parties, together with costs, fees, and any other such relief this Court may deem just.

### COUNT VII – NEGLIGENT ENTRUSTMENT
### PLAINTIFF, ROLAND MITCHELL v. LYFT, INC.

62.     Lyft incorporates by reference the above paragraphs as though fully set forth at length herein.

63.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.  It is specifically denied that Lyft hired, controlled, or employed Defendant Kurbanov.  Any and all allegations of agency and/or employment are specifically denied, with strict proof demanded at time of trial.

64.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.  It is specifically denied that Lyft hired, controlled, or employed Defendant Kurbanov.  Any and all allegations of agency and/or employment are specifically denied, with strict proof demanded at time of trial. By way of further response, Lyft did not own, rent, lease, control, maintain, manage, repair, or entrust any vehicles involved in the incident in issue.

65.     Denied. The averments of this paragraph, inclusive of its subparts, constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.  It is specifically denied that Lyft hired, controlled, or employed Defendant Kurbanov.  Any and all allegations of agency and/or employment are specifically denied, with strict proof demanded at time of trial. By way of further response, Lyft did not own, rent, lease, control, maintain, manage, repair, or entrust any vehicles involved in the incident in issue.

66.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

67.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

68.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

69.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

WHEREFORE, Defendant, Lyft, Inc. demands judgment in its favor, and against all parties, together with costs, fees, and any other such relief this Court may deem just.

## COUNT VIII – UNDERINSURED MOTORIST BENEFITS
## PLAINTIFF, ROLAND MITCHELL v. USAA

70.    Lyft incorporates by reference the above paragraphs as though fully set forth at length herein.

71.    Admitted based upon information and belief.

72.    The averments of the corresponding paragraph are directed to another party defendant and do not require a response.  To the extent a response is necessary, Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

73.    The averments of the corresponding paragraph are directed to another party defendant and do not require a response.  To the extent a response is necessary, Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

74.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

75.    Denied. Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.  The same are, therefore, denied.

76.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

77.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

78.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

79.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

80.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

81.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

82.     Denied. Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.  The same are, therefore, denied.

83.     Denied. Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.  The same are, therefore, denied.

WHEREFORE, Defendant, Lyft, Inc. demands judgment in its favor, and against all parties, together with costs, fees, and any other such relief this Court may deem just.

## COUNT IX – UNINSURED MOTORIST BENEFITS
## PLAINTIFF, ROLAND MITCHELL v. USAA

84.     Lyft incorporates by reference the above paragraphs as though fully set forth at length herein.

85.     Admitted based upon information and belief.

86.     The averments of the corresponding paragraph are directed to another party defendant and do not require a response.  To the extent a response is necessary, Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

87.     The averments of the corresponding paragraph are directed to another party defendant and do not require a response.  To the extent a response is necessary, Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

88.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

89.     Denied. Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.  The same are, therefore, denied.

90.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

91.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

92.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

93.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

94.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

95.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

96.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

97.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

WHEREFORE, Defendant, Lyft, Inc. demands judgment in its favor, and against all parties, together with costs, fees, and any other such relief this Court may deem just.

**COUNT X – NEGLIGENCE**
**PLAINTIFF, ANGELA MITCHELL v. DEFENDANT, JOSE YERMAR**

98.     Lyft incorporates by reference the above paragraphs as though fully set forth at length herein.

99.     Admitted based upon information and belief.

100.    The averments of the corresponding paragraph are directed to another party defendant and do not require a response.  To the extent a response is necessary, Lyft is without

sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

101.    The averments of the corresponding paragraph, inclusive of its subparts, are directed to another party defendant and do not require a response.  To the extent a response is necessary, Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

102.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

103.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

104.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

105.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

WHEREFORE, Defendant, Lyft, Inc. demands judgment in its favor, and against all parties, together with costs, fees, and any other such relief this Court may deem just.

**COUNT XI – NEGLIGENT ENTRUSTMENT**
**PLAINTIFF, ANGELA MITCHELL v. ANGEL SANTANA VELAZQUEZ**

106.    Lyft incorporates by reference the above paragraphs as though fully set forth at length herein.

107.    The averments of the corresponding paragraph are directed to another party defendant and do not require a response.  To the extent a response is necessary, Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

108.    The averments of the corresponding paragraph are directed to another party defendant and do not require a response.  To the extent a response is necessary, Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

109.    The averments of the corresponding paragraph, inclusive of its subparts, are directed to another party defendant and do not require a response.  To the extent a response is necessary, Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

110.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

111.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

112.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

113.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

WHEREFORE, Defendant, Lyft, Inc. demands judgment in its favor, and against all parties, together with costs, fees, and any other such relief this Court may deem just.

### COUNT XII – NEGLIGENCE
### PLAINTIFF, ANGELA MITCHELL v. DAMERE A. MEDLEY

114.    Lyft incorporates by reference the above paragraphs as though fully set forth at length herein.

115.    Admitted based upon information and belief.

116.    The averments of the corresponding paragraph are directed to another party defendant and do not require a response.  To the extent a response is necessary, Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

117.    The averments of the corresponding paragraph, inclusive of its subparts, are directed to another party defendant and do not require a response.  To the extent a response is necessary, Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

118.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

119.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

120.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

121.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

WHEREFORE, Defendant, Lyft, Inc. demands judgment in its favor, and against all parties, together with costs, fees, and any other such relief this Court may deem just.

### COUNT XIII – NEGLIGENCE
### PLAINTIFF, ANGELA MITCHELL v. DEFENDANT, KHAFIZ KURBANOV

122.     Lyft incorporates by reference the above paragraphs as though fully set forth at length herein.

123.     Admitted based upon information and belief.

124.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

125.     Denied. Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.  The same are, therefore, denied.

126.     Denied. The averments of this paragraph, inclusive of its subparts, constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

127.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

128.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

129.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

130.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

WHEREFORE, Defendant, Lyft, Inc. demands judgment in its favor, and against all parties, together with costs, fees, and any other such relief this Court may deem just.

### COUNT XIV – NEGLIGENT ENTRUSTMENT
### PLAINTIFF, ANGELA MITCHELL v. AZIZBEK KOSIMOV

131.    Lyft incorporates by reference the above paragraphs as though fully set forth at length herein.

132.    Denied. Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.  The same are, therefore, denied.

133.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

134.    Denied. The averments of this paragraph, inclusive of its subparts, constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

135.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

136.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

137.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

138.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

WHEREFORE, Defendant, Lyft, Inc. demands judgment in its favor, and against all parties, together with costs, fees, and any other such relief this Court may deem just.

## COUNT XV – NEGLIGENCE
## PLAINTIFF, ANGELA MITCHELL v. LYFT, INC.

139.    Lyft incorporates by reference the above paragraphs as though fully set forth at length herein.

140.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.  Any and all allegations of agency and/or employment are specifically denied, with strict proof demanded at time of trial. By way of further response, Lyft did not own, rent, lease, control, maintain, manage, repair, or entrust any vehicles involved in the incident in issue.

141.    Denied. The averments of this paragraph, inclusive of its subparts, constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.  It is specifically denied that Lyft hired, controlled, or employed Defendant Kurbanov.  Any and all allegations of agency and/or employment are specifically denied, with strict proof demanded at time of trial. By way of further response, Lyft did not own, rent, lease, control, maintain, manage, repair, or entrust any vehicles involved in the incident in issue.

142.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

143.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

144.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

145.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

WHEREFORE, Defendant, Lyft, Inc. demands judgment in its favor, and against all parties, together with costs, fees, and any other such relief this Court may deem just.

## COUNT XVI – NEGLIGENT ENTRUSTMENT
## PLAINTIFF, ANGELA MITCHELL v. LYFT, INC.

146.    Lyft incorporates by reference the above paragraphs as though fully set forth at length herein.

147.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.  It is specifically denied that Lyft hired, controlled, or employed Defendant Kurbanov.  Any and all allegations of agency and/or employment are specifically denied, with strict proof demanded at time of trial.

148.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.  It is specifically denied that Lyft hired, controlled, or employed Defendant Kurbanov.  Any and all allegations of agency and/or employment are specifically denied, with strict proof demanded at time of trial. By way of further response, Lyft did not own, rent, lease, control, maintain, manage, repair, or entrust any vehicles involved in the incident in issue.

149.    Denied. The averments of this paragraph, inclusive of its subparts, constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.  It is specifically denied that Lyft hired, controlled, or employed Defendant Kurbanov.  Any and all allegations of agency and/or employment are specifically denied, with strict proof demanded at time of trial. By way of further response, Lyft did not own, rent, lease, control, maintain, manage, repair, or entrust any vehicles involved in the incident in issue.

150.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

151.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

152.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

153.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

WHEREFORE, Defendant, Lyft, Inc. demands judgment in its favor, and against all parties, together with costs, fees, and any other such relief this Court may deem just.

### COUNT XVII – UNDERINSURED MOTORIST BENEFITS
### PLAINTIFF, ANGELA MITCHELL v. DEFENDANT USAA

154.    Lyft incorporates by reference the above paragraphs as though fully set forth at length herein.

155.    Admitted based upon information and belief.

156.    The averments of the corresponding paragraph are directed to another party defendant and do not require a response.  To the extent a response is necessary, Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

157.    The averments of the corresponding paragraph are directed to another party defendant and do not require a response.  To the extent a response is necessary, Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

158.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

159.    Denied. Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.  The same are, therefore, denied.

160.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

161.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

162.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

163.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

164.   Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

165.   Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

166.   Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

167.   Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

WHEREFORE, Defendant, Lyft, Inc. demands judgment in its favor, and against all parties, together with costs, fees, and any other such relief this Court may deem just.

### COUNT XVIII – UNINSURED MOTORIST BENEFITS
### PLAINTIFF, ANGELA MITCHELL v. DEFENDANT USAA

168.   Lyft incorporates by reference the above paragraphs as though fully set forth at length herein.

169.   Admitted based upon information and belief.

170.   The averments of the corresponding paragraph are directed to another party defendant and do not require a response.  To the extent a response is necessary, Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

171. The averments of the corresponding paragraph are directed to another party defendant and do not require a response. To the extent a response is necessary, Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph.

172. Denied. The averments of this paragraph constitute conclusions of law to which no response is required. However, to the extent a response may be deemed necessary, the same are denied.

173. Denied. Lyft is without sufficient knowledge or information to form a belief as to the truthfulness of the averments of this paragraph. The same are, therefore, denied.

174. Denied. The averments of this paragraph constitute conclusions of law to which no response is required. However, to the extent a response may be deemed necessary, the same are denied.

175. Denied. The averments of this paragraph constitute conclusions of law to which no response is required. However, to the extent a response may be deemed necessary, the same are denied.

176. Denied. The averments of this paragraph constitute conclusions of law to which no response is required. However, to the extent a response may be deemed necessary, the same are denied.

177. Denied. The averments of this paragraph constitute conclusions of law to which no response is required. However, to the extent a response may be deemed necessary, the same are denied.

178.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

179.    Denied . The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

180.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

181.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

WHEREFORE, Defendant, Lyft, Inc. demands judgment in its favor, and against all parties, together with costs, fees, and any other such relief this Court may deem just.

## COUNT XXIX – NEGLIGENCE
## PLAINTIFFS, ANGELA MITCHELL and ROLAND MITCHELL v. JOHN DOE

182.    Lyft incorporates by reference the above paragraphs as though fully set forth at length herein.

183.    Denied pursuant to Pa.R.C.P. 1029(e).

184.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

185.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

186.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

187.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

188.    Denied. The averments of this paragraph, inclusive of its subparts, constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

189.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

190.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

191.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

192.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

193.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

194.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

195.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

196.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

WHEREFORE, Defendant, Lyft, Inc. demands judgment in its favor, and against all parties, together with costs, fees, and any other such relief this Court may deem just.

## COUNT XXIX – LOSS OF CONSORTIUM
### PLAINTIFFS, ANGELA MITCHELL and ROLAND MITCHELL v. DEFENDANTS

197.     Lyft incorporates by reference the above paragraphs as though fully set forth at length herein.

198.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

199.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

200.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

201.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are denied.

WHEREFORE, Defendant, Lyft, Inc. demands judgment in its favor, and against all parties, together with costs, fees, and any other such relief this Court may deem just.

## AFFIRMATIVE DEFENSES

202.    Lyft, Inc. incorporates by reference the above paragraphs as though fully set forth at length herein.

203.    The claims asserted in Plaintiffs' Complaint fail to state a claim upon which relief may be granted.

204.    At the time of the occurrence alleged in their Complaint, Plaintiffs had entered into a legally binding agreement with Lyft governing their use of the Lyft platform.  Pursuant to this agreement, Plaintiffs expressly waived their right to the resolution of disputes in a court of law by a judge or jury and agreed to submit any claims between them and Lyft to arbitration. Pursuant to the Federal Arbitration Act and Plaintiffs' contract with Lyft, the Terms of Service, Plaintiffs are required to submit their claim against Lyft to binding arbitration.

205.    Lyft invokes and reserves the right to assert any and all rights and defenses as

provided in Lyft's Terms of Service, to which Plaintiffs are bound as users of Rideshare Services on the Lyft platform.

206.    Plaintiffs failed to mitigate their damages.

207.    Plaintiffs' damages, if any, were caused and/or contributed to by others outside the control of Lyft, or by those whom Lyft, Inc. had no right to control.

208.    Plaintiffs' claims are or may be barred and/or limited pursuant to the Pennsylvania Comparative Negligence Act.

209.    Plaintiffs' claims and damages are or may be barred and/or limited by the Pennsylvania Motor Vehicle Financial Responsibility Law.

210.    Lyft, Inc. pleads intervening and/or superseding causes as a complete and/or partial bar to Plaintiffs' recovery in this matter.

211.    Lyft, Inc. pleads all defenses available to it under the Pennsylvania Motor Vehicle Financial Responsibility Law, to the extent applicable.

212.    Lyft, Inc. reserves the right to assert any and all New Matter set forth in Pa. R.C.P. 1030 and 1032 to the extent that those defenses are or may become applicable during this litigation.

WHEREFORE, Defendant, Lyft, Inc. demands judgment in its favor, and against all parties, together with costs, fees, and any other such relief this Court may deem just.

DICKIE, McCAMEY & CHILCOTE, P.C.

*James R. Andrzejewski*

_____
JEFFREY H. QUINN, ESQUIRE
JAMES R. ANDRZEJEWSKI, ESQUIRE
Attorneys for Defendant, Lyft, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th  day of January 2026, I electronically filed the attached pleading with the Prothonotary using the Philadelphia Court's Electronic Filing System which will send notification of such filing to all counsel involved in this matter.  Upon receipt of the notification, if counsel is not a registered e-filer, a hard copy will be served via first class mail, postage pre-paid.

DICKIE, McCAMEY & CHILCOTE, P.C.

BY:   *James R. Andrzejewski*
        James R. Andrzejewski, Esquire